Portia L. Rauer; ISB #7233
Matthew E. Liebertz; ISB #11179
POWERS FARLEY, PC
702 West Idaho Street, Suite 700
Boise, Idaho  83702
Telephone:  (208) 577-5100
Email: plr@powersfarley.com
       mel@powersfarley.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| GARY LEU,<br><br>                Plaintiff,<br><br>vs.<br><br>NS SUPPORT, LLC dba Neuroscience Associates and PAUL MONTALBANO, M.D.,<br><br>                Defendants. | Case No. 1:22-CV-00087-REP<br><br>**ANSWER TO AMENDED COMPLAINT** |

COME NOW Defendants NS Support, LLC dba Neuroscience Associates and Paul Montalbano, M.D., by and through their counsel of record, Powers Farley, PC, and in answer to Plaintiff's Amended Complaint for Damages and Declaratory Judgment Under Idaho Patient Act (Idaho Code § 48-301, *et seq.*) and Demand for Jury Trial (hereinafter "Amended Complaint"), admit, deny, and allege as follows:

### **FIRST DEFENSE**

The Amended Complaint, and each and every allegation contained therein, fails to state a claim against NSA and Dr. Montalbano upon which relief may be granted.

## SECOND DEFENSE

Based either upon a lack of information or belief that certain allegations contained in the Amended Complaint are untrue, NSA and Dr. Montalbano deny each and every allegation set forth in the Amended Complaint that is not expressly and specifically admitted hereinafter.

## THIRD DEFENSE

Where allegations are directed to others besides NSA and Dr. Montalbano or involve facts or claims that NSA and Dr. Montalbano do not have sufficient knowledge or information to admit or deny, no response is believed to be necessary. To the extent a response is required, such allegations are denied.

## FOURTH DEFENSE

With respect to the specific allegations contained in the Complaint, NSA and Dr. Montalbano admit, deny, and/or allege as follows:

1. NSA and Dr. Montalbano admit the allegations set forth in paragraph 7 of Plaintiff's Amended Complaint.

2. NSA and Dr. Montalbano admit the allegations set forth in paragraph 8 of Plaintiff's Amended Complaint.

3. NSA and Dr. Montalbano admit the allegations set forth in paragraph 13 of Plaintiff's Amended Complaint.

4. NSA and Dr. Montalbano admit the allegations set forth in paragraph 14 of Plaintiff's Amended Complaint.

5. NSA and Dr. Montalbano admit the allegations set forth in paragraph 15 of Plaintiff's Amended Complaint.

6. In answering the allegations set forth in paragraph 16 of Plaintiff's Amended Complaint, NSA and Dr. Montalbano only admit that Dr. Montalbano is a neurosurgeon.

7. NSA and Dr. Montalbano admit the allegations set forth in paragraph 17 of Plaintiff's Amended Complaint.

8. NSA and Dr. Montalbano admit the allegations set forth in paragraph 22 of Plaintiff's Amended Complaint.

9. NSA and Dr. Montalbano admit the allegations set forth in paragraph 26 of Plaintiff's Amended Complaint.

10. NSA and Dr. Montalbano admit the allegations set forth in paragraph 27 of Plaintiff's Amended Complaint.

11. NSA and Dr. Montalbano admit the allegations set forth in paragraph 28 of Plaintiff's Amended Complaint.

12. NSA and Dr. Montalbano admit the allegations set forth in paragraph 29 of Plaintiff's Amended Complaint.

13. NSA and Dr. Montalbano admit the allegations set forth in paragraph 30 of Plaintiff's Amended Complaint.

14. NSA and Dr. Montalbano admit the allegations set forth in paragraph 31 of Plaintiff's Amended Complaint.

15. NSA and Dr. Montalbano admit the allegations set forth in paragraph 32 of Plaintiff's Amended Complaint.

16. NSA and Dr. Montalbano admit the allegations set forth in paragraph 33 of Plaintiff's Amended Complaint.

17. NSA and Dr. Montalbano admit the allegations set forth in paragraph 34 of Plaintiff's Amended Complaint.

18. NSA and Dr. Montalbano admit the allegations set forth in paragraph 42 of Plaintiff's Amended Complaint.

19. NSA and Dr. Montalbano admit the allegations set forth in paragraph 45 of Plaintiff's Amended Complaint.

20. In answering the allegations set forth in paragraph 113 of Plaintiff's Amended Complaint, NSA and Dr. Montalbano only admit that on August 6, 2021, NSA and Dr. Montalbano filed a "Doctor Lien Statement of Claim" ("the NSA lien") with the Ada County Recorder as Instrument No. 2021-116926 pursuant to Idaho Code section 45-704B.

21. NSA and Dr. Montalbano admit the allegations set forth in paragraph 114 of Plaintiff's Amended Complaint.

22. NSA and Dr. Montalbano admit the allegations set forth in paragraph 115 of Plaintiff's Amended Complaint.

23. In answering the allegations set forth in paragraph 116 of Plaintiff's Amended Complaint, NSA and Dr. Montalbano only admit that the NSA lien speaks for itself.

24. NSA and Dr. Montalbano admit the allegations set forth in paragraph 117 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

By pleading certain defenses as "affirmative defenses," NSA and Dr. Montalbano do not imply that they have the burden of proof for any such defense.  Furthermore, NSA and Dr. Montalbano have not had the opportunity to conduct discovery in this case, by failing to raise an affirmative defense, they do not waive any such defense and specifically reserves the right to amend their Answer to include additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

At relevant times, the NSA lien is based on NSA and Dr. Montalbano's reasonable charges for the care, treatment, and maintenance provided to Mr. Leu.

## SECOND AFFIRMATIVE DEFENSE

The NSA lien filed by NSA and Dr. Montalbano was not an "extraordinary collection action" under Idaho Code section 48-303(3).

## THIRD AFFIRMATIVE DEFENSE

The existence of the NSA lien, in and of itself, causes no damage, actual or otherwise, to Mr. Leu.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert any of the causes of action and/or form of recovery contained in the Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' actions were in compliance with all governing laws, statutes, and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint wrongfully interferes with Defendants' business and economic relationships.

## REQUEST FOR ATTORNEY'S FEES

NSA and Dr. Montalbano have been required to retain the services of the law firm of Powers Farley, PC in order to defend this action and will continue to incur reasonable attorney's fees and costs based upon the time expended in their defense. NSA and Dr. Montalbano, therefore, allege and hereby make a claim against Plaintiff for recovery of their reasonable attorney's fees and costs incurred in defending this action, pursuant to Idaho Code sections 45-704 and 45-704B, Idaho Code sections 12-120, 12-121, Rule 54 of the Federal Rules of Civil Procedure, and all other applicable laws and rules allowing for the recovery of attorney's fees and/or costs in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, NSA and Dr. Montalbano pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing against NSA and Dr. Montalbano by way of his Amended Complaint and that said Amended Complaint be dismissed with prejudice;

2. That the Court enter an order declaring the NSA lien valid;

3. That the costs, disbursements, and reasonable attorney's fees incurred in the defense of this action be awarded to NSA and Dr. Montalbano; and

4. For such other and further relief as this Court may deem just.

DATED this 24th day of March, 2022.

        POWERS FARLEY, PC


        By   /s/ Matthew E. Liebertz
           Portia L. Rauer – Of the Firm
           Matthew E. Liebertz – Of the Firm
           Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of March, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Donald F. Carey
Attorney for Plaintiff
dfc@careylawidaho.com


                                            /s/ Matthew E. Liebertz
                                          Portia L. Rauer
                                          Matthew E. Liebertz